# ORIGINAL

RECEIVED

NOV 14 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFO.

E-filing

## CV 07     5781

### CRB

### (PR)

**EXHIBITS**

# EXHIBIT A

1               PEOPLE v. Jeffrey Blan

2

3

4    CHP=  CHP Dispatch

5    DI=   911 Dispatch

6    AY=   Alan Young

7    OF=   Officer

8    S=    ~~Jeffrey Blan~~ Suspect

9

10   DI:   Communications this is Nicola

11

12   CHP:  Hi CHP with a transfer

13

14   DI:   Uh huh

15

16   CHP:  The callback number is 252-9540 on Chestnut Street at an address of 114 somebody's

17         breaking in

18

19   DI:   Okay

20

21   CHP:  Sir go ahead with your local police please.

22

23   AY:   Yeah, Hi I have someone who is breaking into my friend's apartment and coming out of a

24         window.

25

26   DI:   Okay, are you at 1134 Chestnut?

27

28   AY:   Correct I am.

EXHIBIT___A___
PAGE__1__OF__5__

1   DI:   What's the apartment number?

2

3   AY:   Number 141

4

5   DI:   Okay and they're trying, somebody's trying to break in right now.

6

7   AY:   He's talking to me right outside and I saw him climbing out the window.

8

9   S:    I didn't break into nobody's house.

10

11  DI:   Okay were you guys at home when this happened?

12

13  AY:   I am outside, I am outside right now and I saw him climbing out the window.

14

15  DI:   Okay and you're friend's inside.

16

17  AY:   She is inside right now and I'm following him, he's walking away.

18

19  DI:   Okay

20

21  AY:   Don't even touch me right now buddy.   Don't touch me right now.

22

23  DI:   Okay I don't want you to get into a dangerous situation with this guy okay?   Where is he

24        right now?

25

26  AY:   He' standing outside the house.

27

28  DI:   Okay is he a white male?

Page 2

EXHIBIT  A
PAGE  2  OF  5

1    AY:    Black male about six feet tall.

2

3    DI:    Thin, medium or heavy build?

4

5    AY:    Medium build about 180 pounds hopping to an alley way walking towards Laurel Street

6            right now.    Black sweater with a hood on.    Advise police to intercept on Laurel Street.

7

8    DI:    Okay, what did you say he was wearing?

9

10   AY:    Black sweater, dark jeans, black male.    He is hopping fences now going over to Felix.

11           He's running.

12

13   DI:    Okay where's he at now sir?

14

15   AY:    He's hopped two fences, he's....

16

17   DI:    Okay I don't want you to get yourself in a dangerous situation, okay?

18

19   AY:    He's two fences away, one street away I know where's he's going, I know my area.

20

21   DI:    Okay

22

23   AY:    Sorry, he's on Myrtle Street right now he hopped the fence into a backyard he could come

24           out on Myrtle Street.

25

26   DI:    So he's still behind the fence?

27

28   AY:    He's on Myrtle Street walking right now.    I can hear him he has change in his pocket it's

Page 3

EXHIBIT  _A_
PAGE  _3_  OF  _5_

1    jingling.

2

3   DI:    Okay which way on Myrtle is he walking?

4

5   AY:    If you were going down Laurel towards Mission, take a left on Myrtle.  I don't know

6          which direction, I think that's North.

7

8   DI:    Okay, we've got some officers that are going to be on their way, okay?

9

10  AY:    Thank you, I'll........

11

12  DI:    Okay, so you think he's on Myrtle walking towards Jenny or walking towards Laurel?

13

14  AY:    I don't know what he's walking towards, I cannot see him right now.

15

16  DI:    Okay

17

18  AY:    I see a cop right now he's just turning.  Over here, over here!!!!  Alright hold on I got the

19         officer.

20

21  DI:    Okay go talk to them okay?

22

23  AY:    Black male, black sweater, he hopped the fence over, I don't know where.

24

25  OF:    Do you know which way he went?

26

27  AY:    I don't know, he hopped over two fences from the alley into here.   He's got change

28         jingling in his pocket.

Page 4

EXHIBIT___A___
PAGE___∽___OF___∽___

1   Call completed...radio traffic only.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _A_
PAGE ___ OF ___

# EXHIBIT B

| Arrest ☒ | | **Santa Cruz PD** | | CASE# |
|---|---|---|---|---|
| Crime ☐ | | 155 Center St. Santa Cruz, CA 95060 | | 04S-08697 |
| Non-Criminal ☐ | | CA0440200 | | PAGE 1 |
| | | **CR-1** | | |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 459/R PC; Burglary/Residential; Fel. | |

| DATE, TIME AND DAY OF OCCURENCE | | DATE AND TIME REPORTED | MORE CHARGES | | ESTIMATED LOSS VALUE |
|---|---|---|---|---|---|
| 08/10/04 01:27 Tuesday | | 08/10/04 01:27 | YES ☐   NO ☒ | | |
| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | | BEAT | SECTOR |
| 141 Chestnut St 114, Santa Cruz | | Apartment/Condo | | | |

### PERSONS
Codes: V = Victim    W = Witness    C = Complainant    P = Parent    G = Guardian    R = Party    O = Other    MORE NAMES ☒

| CODE V   1 or 1 | NAME - LAST, FIRST, MIDDLE, SUFFIX Chou, Joann Chun-Jou | | | | | RESIDENCE 141 Chestnut St 114, Santa Cruz, CA 95060 | CELL PHONE (626) 775-3671 |
|---|---|---|---|---|---|---|---|
| OCCUPATION Student | | RACE C | SEX F | AGE 21 | DOB 02/02/1983 | ADDRESS 2 | HOME (831) 471-2395 |
| DL | STATE | SS# | | | INJURIES No | ADDRESS 3 | PHONE 3 |

| CODE W   1 or 1 | NAME - LAST, FIRST, MIDDLE, SUFFIX Yang, Alan C | | | | | RESIDENCE 154 Chestnut St 211, Santa Cruz, CA 95060 | CELL PHONE (831) 252-9540 |
|---|---|---|---|---|---|---|---|
| OCCUPATION | | RACE C | SEX M | AGE 20 | DOB 11/21/1983 | ADDRESS 2 | PHONE 2 |
| DL D1867424 | STATE CA | SS# | | | INJURIES No | ADDRESS 3 | PHONE 3 |

| CODE   or | NAME - LAST, FIRST, MIDDLE, SUFFIX | | | | | ADDRESS 1 | PHONE 1 |
|---|---|---|---|---|---|---|---|
| OCCUPATION | | RACE | SEX | AGE | DOB | ADDRESS 2 | PHONE 2 |
| DL | STATE | SS# | | | INJURIES | ADDRESS 3 | PHONE 3 |

### CASE SUMMARY / VEHICLE INFORMATION

| SUMMARY |
|---|
| Suspect entered occupied residence and took tin container with change in it. Witness saw suspect climbing out of window with tin and confronted. Suspect ran away and was found by officers. Suspect was positivly identied by witness. |

| VEHICLE USED IN CRIME YES ☐  NO ☐  UNK ☐  OF | LICENSE (NO AND STATE) | YEAR | MAKE | MODEL | BODY TYPE | COLOR | VIN | MORE VEHICLES YES ☐  NO ☒ |
|---|---|---|---|---|---|---|---|---|
| TOW REPORT YES ☐  NO ☐ | GARAGE NAME AND PHONE | | REGISTERED OWNER | | | R/O ADDRESS | | |

### SUSPECT(S) / ARRESTEE(S)
Codes: S = Suspect    A = Arrestee    D = Detainee    SV = Suspect/Victim    AV = Arrestee/Victim    DV = Detainee/Victim    MORE NAMES YES ☐  NO ☒

| CODE A   1 or 1 | NAME - LAST, FIRST, MIDDLE, SUFFIX Blan, Jeff Jerome | | | | | RESIDENCE Transient , Santa Cruz, CA 95060 | PHONE 1 (831) N/P |
|---|---|---|---|---|---|---|---|
| RACE B | SEX M | HT 6'01" | WT 210 | HAIR BLK | EYE BRO | AGE 28 | DOB 07/22/1976 | ADDRESS 2 | PHONE 2 |
| OCCUPATION | | | | | | INJURIES No | ADDRESS 3 | PHONE 3 |
| SCARS / MARKS / TATTOOS YES ☐  NO ☐ | | | AKA's | | ARRESTEE DISPOSITION 4-Felony | RELEASE LOCATION Jail | ARREST DATE / TIME 08/10/2004 / 01:30 |
| DL B3000115 | STATE CA | ARRESTED YES ☒  NO ☐ | BOOKING # XXX | WARRANT YES ☐  NO ☒ | CITATION # | SS# | CII# |
| CHARGES 459/R (1) | | | | | | | |

| CODE   or | NAME - LAST, FIRST, MIDDLE, SUFFIX | | | | | ADDRESS 1 | PHONE 1 |
|---|---|---|---|---|---|---|---|
| RACE | SEX | HT | WT | HAIR | EYE | AGE | DOB | ADDRESS 2 | PHONE 2 |
| OCCUPATION | | | | | | INJURIES | ADDRESS 3 | PHONE 3 |
| SCARS / MARKS / TATTOOS YES ☐  NO ☐ | | | AKA's | | ARRESTEE DISPOSITION | RELEASE LOCATION | ARREST DATE / TIME / |
| DL | STATE | ARRESTED YES ☐  NO ☐ | BOOKING # | WARRANT YES ☐  NO ☐ | CITATION # | SS# | CII# |
| CHARGES | | | | | | | |

### ADMINISTRATION

| W DESIRES PROSECUTION S ☐  NO ☐ | FOLLOW-UP YES ☐  NO ☐ | COPIES TO: ☐ PAT.   ☐ DET.   ☐ DA   ☐ COURT   ☐ PROBATION   ☐ VWAP   ☐ OTHER: | | |
|---|---|---|---|---|
| ICER eeg 135KD | | DATE/TIME 08/10/04 07:20 | APPROVED BY Mike Conner 162MC | DATE APPROVED 08/10/04 |
| | | UNIT/SHIFT | ASSIGNED TO | CASE STATUS Closed |

| Arrest [x]<br>Crime [ ]<br>Non-Criminal [ ] | **Santa Cruz PD**<br>155 Center St. Santa Cruz, CA 95060<br>CA0440200<br>**Property and Evidence** | CASE #<br>04S-08697<br><br>Page 1 of 1 |
|---|---|---|

| OFFENSE(S)<br>459/R PC; Burglary/Residential; Fel. | OFFENSE(S) cont'd. |
|---|---|

| DATE, TIME AND DAY OF OCCURENCE<br>08/10/04 01:27 Tuesday | | DATE AND TIME REPORTED<br>08/10/04 01:27 | | TOTAL PROPERTY VALUE | | |
|---|---|---|---|---|---|---|
| LOCATION OF OCCURENCE<br>141 Chestnut St 114, Santa Cruz | | LOCATION NAME | | TYPE OF LOCATION<br>Apartment/Condo | BEAT | SECTOR |

## PROPERTY ITEMS

| ITEM #<br>135KD-001 | STATUS<br>E | QUANTITY<br>1 | COLOR | COLOR 2 | TYPE<br>Camera | MAKE<br>Kadak | MODEL | YEAR |
|---|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | BAR CODE | | | VALUE | TOTAL | LOCATION / BIN #<br>S Bag & Tag | |

DESCRIPTION
Photos of scene

| ITEM #<br>135KD-002 | STATUS<br>E | QUANTITY<br>1 | COLOR | COLOR 2 | TYPE<br>Miscellaneous | MAKE<br>7 print cards | MODEL | YEAR |
|---|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | BAR CODE | | | VALUE | TOTAL | LOCATION / BIN #<br>S Bag & Tag | |

DESCRIPTION
7 print cards from screen and window sill

| ITEM #<br>135KD-003 | STATUS<br>S | QUANTITY<br>1 | COLOR | COLOR 2 | TYPE<br>Miscellaneous | MAKE<br>Tin container | MODEL | YEAR |
|---|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | BAR CODE | | | VALUE | TOTAL | LOCATION / BIN # | |

DESCRIPTION
Multi color 2x4x6 tin container that contained about $8.00 to $10.00 in change.

## ADMINISTRATION

| BY OFFICER<br>K. Deeg  135KD | DATE/TIME<br>08/10/04 07:20 | APPROVED BY<br>Mike Conner  162MC | DATE APPROVED<br>08/10/04 |
|---|---|---|---|
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS<br>Closed |

| Arrest [x] | **Santa Cruz PD** | CASE # |
|---|---|---|
| Crime [ ] | 155 Center St. Santa Cruz, CA 95060 | 04S-08697 |
| Non-Criminal [ ] | CA0440200 | |
| | **Case MO** | PAGE 1 OF 1 |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 459/R PC; Burglary/Residential; Fel. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/04 01:27 Tuesday        TO | 08/10/04 01:27 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| 141 Chestnut St 114, Santa Cruz | | Apartment/Condo | | |

## MO DATA

**Method of Entry**
Unsecured
No Force

**Point of Entry**
Ground Level
Window
Window

**Residential**
Apartment/Condo
Apartment/Condo

**Security Used**
None
None

**Solvability Factors**
Scene dusted for latents
Useful physical evidence
Witness to crime
Suspect can be IDd

**Surrounding Area**
Residential

**Suspect actions**
Entered bldg known to be occupied
Put property in pocket or bag

**Targets**
Bedroom

**Weapon/Weapon Force**
None

## ADMINISTRATION

| FOLLOW-UP YES [ ] NO [ ] | COPIES TO: [ ] PAT. [ ] DET. | [ ] DA | [ ] COURT | [ ] PROBATION | [ ] VWAP | [ ] OTHER | |
|---|---|---|---|---|---|---|---|
| BY OFFICER K. Deeg 135KD | DATE/TIME 08/10/2004 07:20 | APPROVED BY Mike Conner 162MC | | | | | DATE APPROVED 08/10/04 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | | | | | CASE STATUS Closed |

CR-1 Deeg/135KD  Entered by: Ken Deeg

APDC (Rev. 07/24/0E) Print Date: 08/10/2004

| Arrest [x] Crime [ ] Non-Criminal [ ] | **Santa Cruz PD** 155 Center St. Santa Cruz, CA 95060 CA0440200 **Narrative Report** | CASE # **04S-08697** Page 1 of 3 |

| OFFENSE(S) 459/R PC; Burglary/Residential; Fel. | OFFENSE(S) cont'd. | |

| DATE, TIME AND DAY OF OCCURENCE 08/10/04 01:27 Tuesday | | DATE AND TIME REPORTED 08/10/04 01:27 | |

| LOCATION OF OCCURENCE 141 Chestnut St 114, Santa Cruz | LOCATION NAME | TYPE OF LOCATION Apartment/Condo | BEAT | SECTOR |

**NARRATIVE**

On 08-10-2004 at about 0125 hours, I was dispatched along with other officers to 141 Chestnut Street #114 for a burglary where the witness was following the suspect. I arrived at Chestnut and Myrtle Streets about a minute later and contacted the rp/witness Alan Yang.

Yang told me he walked out of his apartment and was walking towards Chou's apartment. As he walked down the path to Chou's apartment he saw two feet then a whole body coming out of Chou's bedroom window. The black male was carrying a multi color tin container that was about 2x4x6 inches. He could tell it was tin because the noise the contents inside it made when it was moved. After the black male climbed out of the window he set the tin down on the ground and tried to put the window screen back on. It took him a few tries but he was able to finally get the screen into place except it was backwards. He did not recognize the black male as one of their friends and he had just left Chou in his apartment with his room mates. He walked up to the black male and confronted him about being in the apartment. As he confronted the black male he called 911 with his cellular phone and reported the burglary. The black male told him something to the effect of, he was playing a trick on his friend. Yang tried to keep the male here while he was on the phone with 911. When the black male realized he was on the phone with the police he started to walk away. He then turned around and walked back towards Yang then, jumped over the fence into the alleyway between Chestnut and Myrtle. He then jumped another fence into a backyard out of sight. Yang then ran out to Chestnut Street, down to Laurel and around to Myrtle. As he arrived on Myrtle we arrived in the area. Yang told me he would be able to recognize the suspect if he saw him again.

A few minutes later officer Hansen contacted Jeff Blan on Blackburn Street. Blan fit the description of the black male suspect.

I asked Yang if he would take a look at a male another officer had detained. He agreed and I asked him to keep an open mind. I asked him not to be influenced because the subject was being detained by the police. He agreed to keep an open mind. I drove Yang to 216 Blackburn Street where Blan was being detained. When Yang saw Blan he told me "That's him, but he was wearing the sweatshirt he is now carrying." Yang positively identified Blan as the suspect who climbed out of Chou's bedroom window carrying her tin container that

| | | **ADMINISTRATION** | | |
| BY OFFICER K. Deeg 135KD | DATE/TIME 08/10/2004 07:20 | APPROVED BY Mike Conner 162MC | | DATE APPROVED 08/10/04 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | | CASE STATUS Closed |

| Arrest [x]<br>Crime [ ]<br>Non-Criminal [ ] | **Santa Cruz PD**<br>155 Center St. Santa Cruz, CA 95060<br>CA0440200<br>**Narrative Report** | CASE #<br>04S-08697<br><br>Page 2 of 3 |
|---|---|---|

| OFFENSE(S)<br>459/R PC; Burglary/Residential; Fel. | OFFENSE(S) cont'd. | |
|---|---|---|

| DATE, TIME AND DAY OF OCCURENCE<br>08/10/04 01:27 Tuesday | | DATE AND TIME REPORTED<br>08/10/04 01:27 | | |
|---|---|---|---|---|
| LOCATION OF OCCURENCE<br>141 Chestnut St 114, Santa Cruz | LOCATION NAME | | TYPE OF LOCATION<br>Apartment/Condo | BEAT | SECTOR |

NARRATIVE

contained change.

I next contacted Joann Chou who provided the following statement. Chou told me on 08-10-2004 at about 0048 hours, she left her apartment and went to Yangs apartment. She was airing out her bedroom and left her window open. Her other two room mates were home but they were in their rooms and never saw or heard anything. Her window was open but, the screen was in place and there was a small fan on the window sill. While Chou was providing her statement we drove to 216 Blackburn Street to view Jeff Blan. Chou told me she did not know Jeff Blan but, I wanted her to view him to make sure she did not know him. Upon arrival at 216 Blackburn Chou viewed Blan and confirmed she did not know him. She also stated he did not have permission to be in her bedroom or have her property. She also told me after Yang called the police he called her and she went back to her apartment. She noticed the only thing missing was a small multi color tin container containing about $8.00 to $10.00 in change, mostly quarters. The tin was located on her desk next to her computer. Her mother had just given the tin and money to her recently.

I photographed the area and window from the outside. I removed the window screen and dusted it for finger prints. I located several prints from around the screen and lifted them. I dusted the window sill and located possible palm prints. I showed the possible palm prints to CSO Deniz and he confirmed they appeared to be partial palm prints. I later booked all the prints and camera into property as evidence.

I looked in the area and was unable to locate the tin.

I recommend Blan's palms be printed and compared to the prints I collected.

Since Blan was identified as the suspect who was climbing out Chou's window with her tin container, I had officer Emigh transport him to jail and charge him with 459 PC Residential Burglary.

End of report.

**ADMINISTRATION**

| BY OFFICER<br>K. Deeg  135KD | DATE/TIME<br>08/10/2004 07:20 | APPROVED BY<br>Mike Conner  162MC | DATE APPROVED<br>08/10/04 |
|---|---|---|---|
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS<br>Closed |

CR-1 Deeg/135KD  Entered by: Ken Deeg    APDC (Rev. 06/12/01) Print Date: 08/10/2004

Case 3:07-cv-05781-CRB    Document 1-2    Filed 11/14/2007    Page 14 of 41

| Arrest | x | | **Santa Cruz PD**<br>155 Center St, Santa Cruz, CA 95060<br>CA0440200<br>**Narrative Report** | | | CASE #<br>04S-08697 |
| Crime | | | | | | |
| Non-Criminal | | | | | | Page 3 of 3 |

| OFFENSE(S)<br>459/R PC; Burglary/Residential; Fel. | OFFENSE(S) cont'd. |
|---|---|

| DATE, TIME AND DAY OF OCCURENCE<br>08/10/04 01:27 Tuesday | DATE AND TIME REPORTED<br>08/10/04 01:27 |
|---|---|

| LOCATION OF OCCURENCE<br>141 Chestnut St 114, Santa Cruz | LOCATION NAME | | TYPE OF LOCATION<br>Apartment/Condo | BEAT | SECTOR |
|---|---|---|---|---|---|

NARRATIVE

**ADMINISTRATION**

| BY OFFICER<br>K. Deeg 135KD | DATE/TIME<br>08/10/2004 07:20 | APPROVED BY<br>Mike Conner 162MC | DATE APPROVED<br>08/10/04 |
|---|---|---|---|
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS<br>Closed |

CR-1 Deeg/135KD  Entered by: Ken Deeg

APDC (Rev. 05/12/01) Print Date: 08/10/2004

| Arrest | ☒ |
|---|---|
| Crime | ☐ |
| Non-Criminal | ☐ |

**Santa Cruz PD**
155 Center St. Santa Cruz, CA 95060
CA0440200

**Supplemental Report**

CASE #
**04S-08697**

PAGE 1 OF 2

| OFFENSE(S) | OFFENSE(S) cont'd |
|---|---|
| 459/R PC; Burglary/Residential; Fel. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/04 01:27 Tuesday | 08/10/04 01:27 |

| LOCATION OF OCCURENCE | LOCATION NAME | | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|---|
| 141 Chestnut St 114, Santa Cruz | | | Apartment/Condo | | |

**CASE SUMMARY**
Dispatched to assist officers in a residential burglary. Suspect was apprehended and identified by witnesses. I transported suspect to County Jail and booked him for residential burglary.

### SUSPECT(S) ARRESTEE(S)

| CODE | | NAME - LAST, FIRST, MIDDLE, SUFFIX | | | | RESIDENCE | | PHONE 1 |
|---|---|---|---|---|---|---|---|---|
| A | 1 OF 1 | Blan, Jeff Jerone | | | | Transient , Santa Cruz, CA 95060 | | (831) N/P |

| RACE | SEX | HT | WT | HAIR | EYE | AGE | DOB | ADDRESS 2 | | PHONE 2 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | M | 6'01" | 210 | BLK | BRO | 28 | 07/22/1976 | | | |

| OCCUPATION | INJURIES | ADDRESS 3 | PHONE 3 |
|---|---|---|---|
| | No | | |

| SCARS / MARKS / TATTOOS | | AKA'S | ARRESTEE DISPOSITION | RELEASE LOCATION | ARREST DATE / TIME |
|---|---|---|---|---|---|
| YES ☐ NO ☐ | | | 4-Felony | Jail | 08/10/2004 / 01:30 |

| DL | STATE | ARRESTED | BOOKING # | WARRANT | CITATION # | SS# | CII# |
|---|---|---|---|---|---|---|---|
| B3000115 | CA | YES ☒ NO ☐ | XXX | YES ☐ NO ☒ | | | |

| CHARGES |
|---|
| 459/R (1) |

### NARRATIVE

On 08/10/04 I was dispatched to assist officers in apprehending a residential burglary suspect. The suspect was jumping fences in the area of Laurel and Blackburn Street. PO Hansen #173 apprehended the suspect, later identified as Jeffrey BLAN, in the area of 227 Blackburn Street.

BLAN was positively identified by a witness in an in-field line up and was taken into custody. I escorted BLAN to my patrol car and conducted a search incident to arrest. In BLAN's front left pocket of his jeans I found a large amount of coins. The total was later counted as $22.50 in assorted change and was taken as evidence. For specific details of the crime please see PO Deegs report.

I then transported BLAN to County Jail and read him his Miranda Rights from my department issued card. When BLAN was asked if he understood his rights he replied "Yes" and nodded his head. Then when BLAN was asked if he wanted to talk to me he replied "No" and shook his head.

BLAN was booked into County Jail for 459R P.C. Residential Burglary. I counted the coins found in BLAN's pocket and Sgt. Conner #111 verified the count. I then booked the coins into SCPD Property as evidence.

RECOMMENDATIONS:
None.

### ADMINISTRATION

| FOLLOW-UP | COPIES TO: | | | | | | |
|---|---|---|---|---|---|---|---|
| YES ☐ NO ☒ | ☐ PAT. | ☐ DET. | ☐ DA | ☐ COURT | ☐ PROBATION | ☐ VWAP | ☐ OTHER |

| BY OFFICER | DATE/TIME | APPROVED BY | DATE APPROVED |
|---|---|---|---|
| D. Emigh 140DE | 08/10/2004 08:20 | Bernie Escalante 118BE | 08/10/04 |

| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS |
|---|---|---|---|
| | | | Closed |

| Arrest ☒ | **Santa Cruz PD** | CASE # |
| Crime ☐ | 155 Center St. Santa Cruz, CA 95060 | 04S-08697 |
| Non-Criminal ☐ | CA0440200 | |
| | **Supplemental Report** | PAGE 2 OF 2 |

| OFFENSE(S) | OFFENSE(S) cont'd. |
|---|---|
| 459/R PC; Burglary/Residential; Fel. | |

| DATE, TIME AND DAY OF OCCURENCE | DATE AND TIME REPORTED |
|---|---|
| 08/10/04  01:27 Tuesday | 08/10/04  01:27 |

| LOCATION OF OCCURENCE | LOCATION NAME | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|
| 141 Chestnut St 114, Santa Cruz | | Apartment/Condo | | |

**CASE SUMMARY**
Dispatched to assist officers in a residential burglary. Suspect was apprehended and identified by witnesses. I transported suspect to County Jail and booked him for residential burglary.

**NARRATIVE**

End of report.
DG182

**ADMINISTRATION**

| FOLLOW-UP YES ☐ NO ☒ | COPIES TO: ☐ PAT. ☐ DET. ☐ DA ☐ COURT ☐ PROBATION ☐ VWAP ☐ OTHER | |
|---|---|---|
| BY OFFICER D. Emigh 140DE | DATE/TIME 08/10/2004 08:20 | APPROVED BY Bernie Escalante 118BE | DATE APPROVED 08/10/04 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | CASE STATUS Closed |

| Arrest [x]<br>Crime [ ]<br>Non-Criminal [ ] | | | | **Santa Cruz PD**<br>155 Center St. Santa Cruz, CA 95060<br>CA0440200<br>**Supplemental Report** | | | | | | CASE #<br>04S-08697 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | PAGE 1 OF 2 |

| OFFENSE(S)<br>459 PC; Burglary; Fel. | | | | | OFFENSE(S) cont'd. | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| DATE, TIME AND DAY OF OCCURENCE<br>08/10/04 01:25 Tuesday | | | | | DATE AND TIME REPORTED<br>08/10/04 01:25 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| LOCATION OF OCCURENCE<br>141 Chestnut St 114, Santa Cruz | | LOCATION NAME | | | | TYPE OF LOCATION<br>Apartment/Condo | | | BEAT | SECTOR |
|---|---|---|---|---|---|---|---|---|---|---|

| CASE SUMMARY<br>I located the suspect hiding in a nearby apartment complex. |
|---|

**SUSPECT(S) / ARRESTEE(S)**

Codes: S = Suspect, A = Arrestee, D = Detainee, SV = Suspect/Victim, AV = Arrestee/Victim, DV = Detainee/Victim

| CODE<br>A | 1 OF 1 | NAME - LAST, FIRST, MIDDLE, SUFFIX<br>Blan, Jeff Jerone | | | | | RESIDENCE<br>Transient , Santa Cruz, CA 95060 | | PHONE 1<br>(831) N/P | |
|---|---|---|---|---|---|---|---|---|---|---|
| RACE<br>B | SEX<br>M | HT<br>6'01" | WT<br>210 | HAIR<br>BLK | EYE<br>BRO | AGE<br>28 | DOB<br>07/22/1976 | ADDRESS 2 | PHONE 2 | |
| OCCUPATION | | | | | | INJURIES<br>No | | ADDRESS 3 | PHONE 3 | |
| SCARS / MARKS / TATTOOS<br>YES [ ] NO [ ] | | AKA'S | | | | | ARRESTEE DISPOSITION<br>4-Felony | RELEASE LOCATION<br>Jail | ARREST DATE / TIME<br>08/10/2004 / 01:30 | |
| DL<br>B3000115 | | STATE<br>CA | ARRESTED<br>YES [X] NO [ ] | | BOOKING #<br>XXX | WARRANT<br>YES [ ] NO [X] | CITATION # | SS# | CII# | |

| CHARGES<br>459/R (1) |
|---|

**NARRATIVE**

On 8-10-04, Tuesday, at approximately 0125 hours I responded as a cover unit to report of an in progress burglary. Prior to my arrival, dispatch advised that the reporting party had seen the subject climbing out of a window of an apartment at 141 Chestnut St. Dispatch advised that the reporting party was following the subject, who was described a Black male adult wearing a grey sweatshirt and dark pants. Dispatch advised that the subject was jumping fences and was last seen running west in the direction of Felix St.

Upon my arrival, I saw a subject standing on the corner of Myrtle St and Laurel St. As I drove closer the subject pointed in the direction of Blackburn St. I then drove into an alley just east of Blackburn St that runs between Laurel St to Jenne St. I drove approximately half way down the alley between Laurel St and Jenne St and got out of my patrol vehicle to look for the subject. As I walked south down the alley, I noticed a black male wearing a white shirt and grey pants walking into the back of an apartment complex located on the west side of the alley. I walked after the subject and saw him walk up a flight of stairs. Due to the fact that I did not know the address of the apartment complex, I walked through the complex onto Blackburn St to get the address off of the front of the complex. As I walked through the complex, I looked up the flight of stairs I had seen the subject walking up and saw he same subject crouched in the south east corner of the second story balcony.

**ADMINISTRATION**

| FOLLOW-UP<br>YES [X] NO [ ] | COPIES TO:<br>[ ] PAT. | [ ] DET. | [X] DA | [ ] COURT | [ ] PROBATION | [ ] VWAP | [ ] OTHER | |
|---|---|---|---|---|---|---|---|---|
| BY OFFICER<br>W. Hansen 173WH | DATE/TIME<br>08/10/2004 03:12 | | APPROVED BY<br>Mike Conner 162MC | | | | | DATE APPROVED<br>08/10/04 |
| OFFICER | UNIT/SHIFT | | ASSIGNED TO | | | | | CASE STATUS<br>Closed |

Supp-1-Hanse/173WH  Entered by: Wesley Hansen                                                    APDC (Rev. 07/11/03)  Print Date: 08/10/2004

| Arrest | [x] | | **Santa Cruz PD** | | CASE # |
|---|---|---|---|---|---|
| Crime | [ ] | | 155 Center St. Santa Cruz, CA  95060 | | 04S-08697 |
| Non-Criminal | [ ] | | CA0440200 | | PAGE  2  OF  2 |
| | | | **Supplemental Report** | | |

| OFFENSE(S) | OFFENSE(S) cont'd |
|---|---|
| 459 PC; Burglary; Fel. | |

| DATE, TIME AND DAY OF OCCURENCE | | | DATE AND TIME REPORTED | | |
|---|---|---|---|---|---|
| 08/10/04 01:25 Tuesday | | | 08/10/04 01:25 | | |

| LOCATION OF OCCURENCE | LOCATION NAME | | TYPE OF LOCATION | BEAT | SECTOR |
|---|---|---|---|---|---|
| 141 Chestnut St 114, Santa Cruz | | | Apartment/Condo | | |

| CASE SUMMARY |
|---|
| I located the suspect hiding in a nearby apartment complex. |

NARRATIVE

I then located the address of the apartment complex (216 Blackburn St) and advised other nearby units that I was going to contact the subject.  As I walked back into the complex, I saw the subject, who I recognized from prior contacts as Jeff BLAN, walking back down the stairs.  I could see that BLAN was carrying a dark colored sweatshirt in his hand as he walked down the stairs.  I asked BLAN to sit down on the stairs and he complied.  I could see that BLAN had sweat on his face and around the neck and shoulder areas of his shirt.

I asked BLAN what was going on and he told me that he was hanging out with some "college kids" on Chestnut St and that they had told him to "mess with their papers".  BLAN said that he had already "worked it out" with the kids and that there was no problem.  I asked BLAN why he was running over fences and he initially denied jumping over fences but then told me that one of the kids was "acting like a cop" so he ran because he did not want to deal with the police.

Shortly after, PO DEEG #135 arrived on scene with a witness who p[positively identified BLAN as the subject who was seen coming out of the window.  BLAN was then placed under arrest and transported to the Santa Cruz County Jail by PO EMIGH #140.  See PO DEEG'S and PO EMIGH'S reports for further details.

PO DEEG then advised me that BLAN had taken a small multi colored tin full of change from the apartment.  It should be noted that at the time of arrest, BLAN had no tin on his person but his left front pant pocket was full of change.  I then searched the surrounding area for the tin but was not able to locate anything.

Attach a copy of this report to PO DEEG'S original report.

EOR.

| **ADMINISTRATION** | | | | | | | |
|---|---|---|---|---|---|---|---|
| FOLLOW-UP<br>YES [x]  NO [ ] | COPIES TO:<br>[ ] PAT.   [ ] DET. | [x] DA   [ ] COURT | [ ] PROBATION | [ ] VWAP · | [ ] OTHER | | |
| BY OFFICER<br>W. Hansen  173WH | DATE/TIME<br>08/10/2004 03:12 | APPROVED BY<br>Mike Conner 162MC | | | | | DATE APPROVED<br>08/10/04 |
| OFFICER | UNIT/SHIFT | ASSIGNED TO | | | | | CASE STATUS<br>Closed |

**SANTA CRUZ COUNTY PROBABLE CAUSE DECLARATION AND BAIL SETTING INFORMATION FORM**

ARRESTEE ___JEFFREY BLON___ DOB __2/22/72__

CO-DEFENDANTS _____ CHARGES __459 P.C.__

AGENCY __Santa Cruz P.D.__ OFFICERS __D. EMIGH #140__ CASE NO. __045-08697__

DATE/TIME OF ARREST __8/10/04 0210__ 48 HOUR EXP DATE/TIME _____ S # _____

DIRECTIONS FOR COMPLETION

What facts led you to believe that the defendant committed the above felony/misdemeanor offense(s)? State reason for initial contact/car stop. Describe actions of the defendant, addressing the elements of the offense(s), including symptoms of intoxication FSTs; injuries and how inflicted. If you relied on third party information, describe incident and state who can establish the facts:

REASONS FOR STOP/SEARCH/ARREST

J. BLON ENTERED THROUGH OPEN WINDOW BY REMOVING THE SCREEN TO AN EMPTY APARTMENT. ONCE INSIDE HE GRABBED A SMALL TAN FLASG WITH LOOSE CHANGE. A WITNESS OBSERVED J. BLON EXITING THE PREMESIS AND REPLACING THE WINDOW SCREEN. J. BLON WAS STOPPED NEARBY AND THE WITNESS POSITIVELY IDENTIFIED J. BLON AS THE INDIVIDUAL HE SAW EXITING THE WINDOW WITH THE TIN IN HIS POSESSION. POSITIVE IDENTIFICATION WAS BY IN-FIELD LINE UP. J. BLON WAS FOUND WITH APPROXIMATELY $15.00 OF LOOSE CHANGE IN HIS POCKET.

Objective Symptoms of Intoxication: [ ] Bloodshot/Watery Eyes  [ ] Odor of Alcohol  [ ] Unsteady Gait  [ ] Slurred Speech

Other _____

B/A: [ ] Refused Test  [ ] Completed Test:  [ ] Blood  [ ] Urine  [ ] BR:#1 ____ / #2 ____

EACH APPLICABLE SECTION BELOW **MUST** BE COMPLETED:

1) Was the suspect armed? (Yes/No) Describe weapon: _____

2) Did the suspect resist arrest? (Yes/No) Combative to officer(s)? (Yes/No) Describe _____ Fled only (Yes/No)

3) Type of theft: Person _____ Residence __X__ Commercial _____ Other (describe) _____

4) Property taken and approximate value: __LOOSE CHANGE  APPROX #15.00__

5) Property recovered: None _____ Partial __X__ Full Recovery _____

6) Controlled substances involved: (Type) _____ Presumptive test results _____

(Required Information) $ Value _____ Quantity _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief. Executed on _____ Date
at Santa Cruz, California.

By _____ Signature

__DAVID EMIGH #140 Santa Cruz PD__
Print Name, Badge #, & Agency

On the basis of [ ] the officer's declaration [ ] reports reviewed, I hereby determine that there [ ] is  [ ] is not probable cause to believe this arrestee has committed a crime.

_____  _____  _____
Date         Time         Signature of Judicial Officer

Pursuant to a telephonic conversation with a representative of the office of pretrial service, Judge _____ made the above order upon considering a declaration of probable cause filed by the arresting officer.

_____  _____
Date/Time of Telephone Review         Representative of Office of Pretrial Svcs.

Threats to victims or witnesses: including information leading you to believe that the defendant may injure the victim(s)/witness(es)  (threats, prior violence, etc.) or may flee prior to a court appearance: _____

EXHIBIT

# EXHIBIT C

TO: Kristin Carter
CHARGES: 459
NCD: 11-1-04 for JT

People v. Jeffrey Jerome Blan, Santa Cruz County Superior Court, Case No. F09958

Contact with **ALAN YANG** on 10-22-04:
154 Chestnut St. #211
Santa Cruz, CA 95060
(831) 252-9540 cell

I contacted ALAN YANG by telephone on Friday, October 22, 2004. I identified myself and explained the purpose of my call. Alan verified that he understood why I wished to speak with him and stated his willingness to answer any/all questions regarding the alleged incident.

Alan was unable to remember the exact date of the incident but stated that it occurred sometime in August. Alan remembered that he had a mid-term the following morning and consequently had opted to take it easy that night. Alan stated that he went over to Emily and Joann's apartment earlier that evening. Alan explained that Emily is one of his closest friends and added that he has frequent contact with her. Alan reported that his apartment is located across the street from Emily and Joann's. On this date, an acquaintance of Emily and Alan's, Elijah, was in town. Alan stated that he had only met Elijah on three or four previous occasions. Alan told me that it was clear from Elijah's behavior that he was hoping to "get into [Emily's] pants." Alan expressed his discomfort with Elijah's desires and stated that he did not appreciate anyone trying to take advantage of Emily. Alan told me that Joann was not home at this time and added that he called her cell phone when he left the apartment. Alan said he relayed the situation to Joann and she agreed to check on Emily and make sure everything was okay. Alan commented that he believed Joann was visiting one of the apartments in his complex.

Alan told me that Joann called him and said that she didn't think there was anything they could do about the situation. Alan said that Joann added that she was back at her friend's apartment (leaving Emily alone in the apartment with Elijah). Alan told me that he planned on going to bed but he continued to worry about Emily and Elijah. Alan mentioned that he chatted online with a friend of his regarding the situation. Alan relayed that his friend indicated that she believed it would be a good idea for him to go back to Emily's apartment and check on her again. Alan recalled that he got into bed to go to sleep. Alan said he remained in bed for approximately thirty to sixty minutes before determining that he should go back to Emily's apartment. Alan stated that he got out of bed and headed across the street to Emily's.

Alan explained that after crossing the street, he entered the walkway leading to Emily's apartment. As Alan approached the apartment, he saw two feet coming out of the window to the apartment. Alan clarified that it looked like the man was sitting on Joann's window sill, coming out onto the walkway from inside the room. Alan estimated that he was approximately fifty to sixty feet away from the window at this time. Alan stated that he continued walking towards the apartment. By the time Alan arrived at the window, the man was completely out of the window

EXHIBIT

and was standing in the walkway. Alan estimated that he was "an arms length" away from the man at this time. Alan described the man as standing approximately six feet tall, weighing around 200 lbs, having black skin and facial hair, and wearing a hooded sweatshirt. Alan noted that the man had a metallic container in his hand. Alan told me that he had no idea what the container was at that time and thought that it may have been a digital camera. Alan explained that Joann is a photographer and has a couple of digital cameras in her room. Alan told me that due to the shape and metallic sheen of the item, he believed it may have been one of Joann's cameras. Alan reported that he later found out that it was a container of change, not a digital camera, that was taken from Joann's room.

Alan said he immediately asked the man, "Hey buddy, what are you doing?" Alan said that the man neglected to respond the first time he asked him so he inquired a second time. The second or third time Alan asked him the man replied that he was playing a trick on one of his friends. Alan could not recall if the man identified his friend as "Eric" or "Scott." Alan commented that there is a resident named Eric and another one named Scott that live in the apartment complex. Alan remembered that he told the man, "No, your friends don't live here." Alan indicated that he did not believe that the man thought it was Eric or Scott's apartment. Alan told me that he called the police on his cell phone when he told the man that his friend did not live there.

Alan speculated that the man did not believe he was really calling the police. Alan stated that the man remained on the walkway, within twenty to thirty feet of him, while Alan was on the phone. Alan believes that the man eventually realized that he really was talking to the police and subsequently fled the scene. Alan suggested that the man may have known he was serious when Alan provided the dispatcher with the apartment number or the man's description. At that time, Alan saw the man jump the fence (bordering the walkway), walk down the alleyway, and then jump another fence.

Alan said that he notified Emily and Elijah who stated that they were completely unaware of the events Alan described. Alan also relayed that he went with the police to identify the suspect they were holding a couple blocks away. Alan noted that the officer advised him that the suspect may or may not be the individual Alan saw emerge from Joann's window. Alan said he immediately recognized the suspect as being the same individual that he saw coming out of Joann's window.

Erin Haney
10-28-04

# EXHIBIT D

## DECLARATION OF DARREN DAVISON

I, Darren Davison, under penalty of perjury, declare:

1.      I am the chief investigator for the Santa Cruz County Public
Defender's Office;

2.      Erin Haney was employed with the Santa Cruz County Public
Defender's Office for the entire month of October, 2004, in the
capacity of investigator;

3.      Erin Haney is no longer employed with the Santa Cruz County
Public Defender's Office.

I declare under penalty of perjury that the foregoing is true and
correct.

Dated: July __17__, 2006                _Darren Davison_

                                        DARREN DAVISON

EXHIBIT ___
'GE ___ OF ___

# EXHIBIT E

The Sixth District Appellant Program
In Association With
James W. Duffy, SBN 207819
Law Office of James W. Duffy
700 Frederick Street, Suite 306
Santa Cruz, California 95062
(831) 429-0181

Attorney for Appellant
Jeffrey Jerome Blan

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>vs.<br><br>JEFFREY JEROME BLAN<br><br>Defendant and Appellant | ) CASE NO.: H028989<br>)<br>) (SANTA CRUZ CO.<br>) SUPERIOR COURT NO.<br>) F09958)<br>)<br>) DECLARATION OF<br>) JAMES W. DUFFY<br>)<br>)<br>)<br>) |

1.    I, James W. Duffy, declare:

2.    I am an attorney duly licensed to practice law in the State of

California.

3.    The appellate matter of Jeffrey J. Blan has been assigned to me

by the Sixth District Appellate Program.

EXHIBIT

4.    Petitioner's trial counsel at both his trials that relate to the instant writ of habeas corpus was Ms. Christina Alvarez.

5.    On October 3, 2005, I called Ms. Alvarez and inquired if she considered arguing that the trial court admit petitioner's statement to witness Alan Yang under the contemporaneous statement hearsay exception. She responded that she considered it, but her reading of the Evidence Code indicated that this exception was non-applicable. She explained that petitioner's statement is hearsay and considered untrustworthy. However, Ms. Alvarez stated that she thought she did argue that this evidence was admissible, but could not recall. She intended to request the file from her former employer for review.

6.    On October 19, 2005 Ms. Alvarez returned my telephone message and indicated that she would be willing to sign a declaration that relates to her not arguing that petitioner's statement to Yang be admitted as a contemporaneous statement exception to the hearsay rule. Ms. Alvarez also requested that I send her petitioner's appellant's opening brief.

7.    On January 30, 2006, I sent Ms. Alvarez a draft of Blan's "Appellant's Opening Brief" and a letter requesting that she review an attached declaration, and execute it if it was accurate. This letter

EXHIBIT $\underline{\cal E}$

2

further expressed my intent to file her declaration as an exhibit to petitioner's writ of habeas corpus. (A true and correct copy of this letter and declaration are attached hereto as exhibit 1 and incorporated by reference.) This letter requested that Ms. Alvarez respond by February 6, 2006. Ms. Alvarez did not respond as requested.

8.     On February 24, 2006, I sent Ms. Alvarez a second letter, accompanied by a draft declaration. I requested that she execute the declaration, if accurate. (A true and correct copy of this letter and declaration are attached hereto as exhibit 2 and incorporated by reference.)

9.     On February, 28, 2006, I received a telephone message from Ms. Alvarez stating that she would not sign the declaration I sent her on February 24, 2006 and to call her if I had any questions.

10.    On February 28, 2006, I talked with Ms. Alvarez by telephone, at which time she told me that the declaration I sent her was inaccurate with regard to Paragraphs 3 and 4. She claimed that she informed me that the People's Motion in Limine, No. 7 (the subject of this writ), was discussed in the judge's chambers. She concluded the conversation by expressing her unwillingness to communicate with

3

EXHIBIT ____ E ____

me about this subject any further and that she was unwilling to execute any declaration.

11.    On March 2, 2006, I sent Ms. Alvarez a letter that memorialized what I thought were the contents of our previous conversations, and requested that she communicate with me in order to draft an accurate declaration. I wrote that I would be happy to make any corrections she wished. (A true and correct copy of this correspondence is attached as exhibit 3 and incorporated by reference.) Ms. Alvarez never responded to this correspondence.


I declare under penalty of perjury that the foregoing is true and correct.


Date:  July 15, 2006

JAMES W. DUFFY

EXHIBIT _E_

4

# EXHIBIT 1

# James W. Duffy

700 Frederick Street, Suite 306          **Attorney at Law**          Phone: (831) 429-0181
Santa Cruz, California  95062                                         FAX:    (831) 429-5617

January 30, 2006

Christina Alvarez
American Civil Liberties Union
1101 Pacific Ave.
Santa Cruz, CA  95060-7505

Re: Jeffrey Jerome Blan

Dear Ms. Alvarez:

Pursuant to our telephone conversation on October 19, 2005, please find enclosed the requested draft of appellant's opening brief.

Also enclosed please find a draft declaration that relates to our October 3, 2005 and October 19, 2005 telephone conversations. As you may recall, this draft declaration relates to Mr. Blan's second trial where the assistant district attorney motioned the trial court to exclude any questions to witness Alan Yang related to Mr. Blan's inquiry about an Eric.  When we discussed this issue on October 3, 2005, you indicated that you thought that you had argued in opposition to this People's motion. You also indicated that you did not believe that this evidence was admissible under the contemporaneous statement exception because it was considered untrustworthy. I did not ask if you considered arguing that the evidence was admissible as a non-hearsay statement or as a state of mind hearsay exception, but I assume that you did not considering we did not discuss these alternatives.

If the enclosed draft declaration is accurate, please date, sign and return it to my attention.  I intend to file this declaration as an exhibit to Mr. Blan's writ of habeas corpus. Please call me if the draft declaration is inaccurate in any manner or if you have any questions.  This is a time sensitive request. Please respond by February 6, 2006.

Sincerely,

James W. Duffy

cc:  Client (w/o draft AOB)
     Lori Quick (w/o draft AOB)
     Sixth District Appellate Program

EXHIBIT ____/____

## DECLARATION OF CHRISTINA ALVAREZ

I, Christina Alvarez, under penalty of perjury, declare:

1.    I am an attorney duly licensed to practice law in the State of California;

2.    I represented Jeffrey Jerome Blan at both of his trials held at Santa Cruz County Superior Court in Case No. F09958;

3.    At Jeffrey Jerome Blan's second trial, the People motioned the trial court to exclude any questions to witness Alan Yang related to Mr. Blan's inquiry about an Eric. I thought I did argue in opposition to this People's motion. However, appellant's attorney, James W. Duffy, has informed me that the record is devoid of any argument on my part in opposition to this motion;

4.    I did consider arguing that this evidence was admissible as a contemporaneous statement hearsay exception, but my understanding is that this exception is not applicable because hearsay is considered untrustworthy.

EXHIBIT /

I declare under penalty of perjury that the foregoing is true and
correct.

Dated: February _____, 2006

_____
CHRISTINA ALVAREZ

# EXHIBIT 2

# James W. Duffy

700 Frederick Street, Suite 306    **Attorney at Law**    Phone: (831) 429-0181
Santa Cruz, California 95062                                        FAX:   (831) 429-5617

February 24, 2006
Sent via Fax and U.S. Mail

Christina Alvarez
American Civil Liberties Union
1101 Pacific Ave., Suite No. 333
Santa Cruz, CA 95060-7505

Re: Jeffrey Jerome Blan

Dear Ms. Alvarez:

On January 30, 2006, I sent you a letter regarding the above captioned matter that included a draft of appellant's opening brief. This January 30th correspondence included a proposed draft declaration from you that attempted to state what you told me in our telephone conversations on October 3, 2005 and October 19, 2005. I have not received a response from you as of the date of this letter.

I left a telephone message for you to call me this morning regarding this matter. Please call me as soon as possible, or alternatively, please sign and date the attached draft declaration if it is accurate. This is a time sensitive issue since I would like to file your declaration as an exhibit to Mr. Blan's writ of habeas corpus. Please respond on or before March 1, 2006.

Sincerely,

James W. Duffy

cc: Client
    Lori Quick
    Sixth District Appellate Program

EXHIBIT 2

## DECLARATION OF CHRISTINA ALVAREZ

I, Christina Alvarez, under penalty of perjury, declare:

1.    I am an attorney duly licensed to practice law in the State of California;

2.    I represented Jeffrey Jerome Blan at both of his trials held at Santa Cruz County Superior Court in Case No. F09958;

3.    At Jeffrey Jerome Blan's second trial, the People motioned the trial court to exclude any questions to witness Alan Yang related to Mr. Blan's inquiry about an Eric. I thought I did argue in opposition to this People's motion. However, appellant's attorney, James W. Duffy, has informed me that the record is devoid of any argument on my part in opposition to this motion;

4.    I did consider arguing that this evidence was admissible as a contemporaneous statement hearsay exception, but my understanding is that this exception is not applicable because hearsay is considered untrustworthy.

EXHIBIT ___2___

I declare under penalty of perjury that the foregoing is true and

correct.


Dated: February _____, 2006

_____
CHRISTINA ALVAREZ

EXHIBIT 2

# EXHIBIT 3

Court of Appeal, Sixth Appellate District - No. H028989
**S149026**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

JEFFREY JEROME BLAN, Defendant and Appellant.

Petition for review DENIED.

SUPREME COURT
FILED

FEB 0 7 2007

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**
Chief Justice

Court of Appeal, Sixth Appellate District - No. H030429
**S149152**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JEFFREY BLAN on Habeas Corpus.

Petition for review DENIED.

SUPREME COURT
FILED

FEB 0 7 2007

Frederick K. Ohlrich Clerk

_____

Deputy

**GEORGE**
_____

Chief Justice

# PROOF OF SERVICE BY MAIL

I, TONY GOODRUM , AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: T-86808

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON or about 10/30/07 , 2007, I SERVED A COPY OF THE FOLLOWING DOCUMENTS

> Writ of Habeas Corpus + Exhibits
> Informa Pauperis

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

> United States District Court
> Northern District of California
>
> 450 GOLDEN GATE AVE.
>
> SAN FRANCISCO, CA, 94102-3483

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED October 30th, , 2007, AT FOLSOM, CALIFORNIA..