IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JEROME BLAN,<br><br>    Petitioner,<br><br>  vs.<br><br>M. C. KRAMER, Warden,<br><br>    Respondent. | No. C 07-5781 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Doc # 2) |

Petitioner, a state prisoner incarcerated at Folsom State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Cruz of first degree burglary and petty theft with a prior. On or about June 1, 2005, he was sentenced to seven years in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 2, 2007 denied review of a petition allegedly raising the same claim raised here

# DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the ground that he was denied effective assistance of counsel because his attorney failed to offer petitioner's out-of-court statement explaining his actions at the time he was arrested. Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

# CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (doc # 2) is GRANTED.

2.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

1    3. Respondent shall file with the court and serve on petitioner, within
2 60 days of the issuance of this order, an answer conforming in all respects to Rule
3 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
4 habeas corpus should not be granted.  Respondent shall file with the answer and
5 serve on petitioner a copy of all portions of the state trial record that have been
6 transcribed previously and that are relevant to a determination of the issues
7 presented by the petition.

8   If petitioner wishes to respond to the answer, he shall do so by filing a
9 traverse with the court and serving it on respondent within 30 days of his receipt
10 of the answer.

11    4. Respondent may file a motion to dismiss on procedural grounds in
12 lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
13 Rules Governing Section 2254 Cases.  If respondent files such a motion,
14 petitioner shall file with the court and serve on respondent an opposition or
15 statement of non-opposition within 30 days of receipt of the motion, and
16 respondent shall file with the court and serve on petitioner a reply within 15 days
17 of receipt of any opposition.

18    5. Petitioner is reminded that all communications with the court must
19 be served on respondent by mailing a true copy of the document to respondent's
20 counsel.  Petitioner must also keep the court and all parties informed of any
21 change of address.

22 SO ORDERED.

23 DATED:  Feb. 12, 2008         _____
                  CHARLES R. BREYER
24                   United States District Judge

28 G:\PRO-SE\CRB\HC.07\Blan, J1.osc.wpd      3