IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JEROME BLAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> M.C. KRAMER, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 07-5781 CRB (PR) <br><br> ORDER DENYING PETITION FOR <br> A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner incarcerated at Old Folsom State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Cruz County Superior Court. For the reasons set forth below, the petition will be DENIED.

**STATEMENT OF THE CASE**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Cruz of first degree burglary (count 1, Cal. Penal Code § 459) and petty theft with a prior conviction (count 2, Cal. Penal Code § 666). The jury also found that petitioner had served two prior prison terms (Cal. Penal Code § 667.5(d)), had two prior serious felony strike convictions (Cal. Penal Code § 667(a)(1) & (b)-(i)), and was ineligible for probation (Cal. Penal Code § 1203(e)(4)). On June 1, 2005, the trial court sentenced petitioner to seven years in state prison.

Petitioner appealed his conviction and sought habeas relief in state court. On November

20, 2006, the California Court of Appeal affirmed the judgment of the trial court and denied petitioner's request for state habeas corpus relief.

On December 26, 2006, petitioner filed petitions for review of the direct appeal and of the denial of the habeas corpus petition in the California Supreme Court. The California Supreme Court denied review in both cases on February 7, 2007.

Petitioner then filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed November 14, 2007, the Court found that the petition, when liberally construed, stated cognizable claims under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer to the order to show cause. Petitioner did not file a traverse.

## STATEMENT OF THE FACTS

The California Court of Appeal summarized the facts of the case as follows:

> Around 1:00 a.m. in August 2004, Alan Yang was walking to his friend's apartment. As he approached the apartment, Yang saw defendant climbing out of the bedroom window of his friend's apartment. At the time he saw defendant's feet and legs coming out of the bedroom window, Yang was standing on the walkway that leads to the apartment.
>
> After defendant came out of the window, he placed a metal object on the ground and tried to put the screen that was propped against the wall back into the window where he had just come out. Yang saw this and confronted defendant. Defendant picked up the metal object he had put on the ground and put it inside his sweatshirt. Yang called "911" on his cell phone as defendant walked away. Defendant jumped over a fence and Yang gave the "911" dispatcher defendant's physical description as well as the direction in which defendant was going.
>
> The police arrived and located defendant crouching down on the second floor of a nearby apartment complex. The police detained defendant, and Yang identified him as the person he had seen coming out of the apartment earlier that night. The police found $22.50 in change in defendant's pants pocket. Defendant told the police he was transient.
>
> When the apartment's occupant, Joann Chou returned home, she found that a metal coin box was missing from the desk in her room. The box had contained mostly quarters. Chou stated that when she left her apartment that night at 11:00 p.m., she left her bedroom window open and the light was on in her room. Chou also stated that there was a fan in the windowsill of her bedroom, and when she returned that night, the fan had been toppled over onto her bed.

> . . .
>
> Defendant assert[ed] on appeal that his trial counsel was ineffective because she failed to offer his out of court statement to Yang that he was "playing a trick on his friend," and that his friend Erik lived in the apartment Yang saw defendant coming out of.  Of note, and highlighted in defendant's argument is that the statement was offered and admitted into evidence in the first trial that resulted in a hung jury.
>
> At the second trial, the prosecution moved in limine to exclude any of defendant's hearsay statements unless offered as being against defendant's interest. The court tentatively granted the motion subject to the district attorney making an objection.
>
> In addition, the prosecution moved to exclude any questions about Erik on the ground it would elicit hearsay and not be relevant. The trial court granted this motion, stating in relevant part: "the issue is whether this hearsay statement should come in or not if offered by the defense . . . as the Court understands the circumstances from hearing the last trial, that it is a self-serving statement by the defendant out of court offered to prove the truth of the matter asserted. So I would be granting that motion and I would ask that be followed so we don't have a situation that a witness volunteers that."
>
> At the second trial there was no evidence offered or introduced regarding the conversation between defendant and Yang, or defendant's claim that he was "playing a trick on his friend," when Yang saw him.
>
> The primary basis for defendant's claim of ineffective assistance in the second trial is his assertion that his out of court statement to Yang that he was "playing a trick on his friend," is not hearsay, and therefore, his trial counsel should have attempted to have the evidence admitted.

Blan v. Santa Cruz County Superior Court, No. H028989, 2006 WL 3353944, at *1-2 (Cal. Ct. App. Nov. 20, 2006).

## DISCUSSION

A.   Standard of Review

The Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1)

3

1  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
2  established Federal law, as determined by the Supreme Court of the United States; or (2) resulted
3  in a decision that was based on an unreasonable determination of the facts in light of the
4  evidence presented in the State court proceeding." Id. § 2254(d).

5  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court
6  arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if
7  the state court decides a case differently than [the] Court has on a set of materially
8  indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the
9  'reasonable application clause,' a federal habeas court may grant the writ if the state court
10 identifies the correct governing legal principle from [the] Court's decisions but unreasonably
11 applies that principle to the facts of the prisoner's case." Id. at 413.

12 "[A] federal habeas court may not issue the writ simply because the court concludes in its
13 independent judgment that the relevant state-court decision applied clearly established federal
14 law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
15 A federal habeas court making the "unreasonable application" inquiry should ask whether the
16 state court's application of clearly established federal law was "objectively unreasonable." Id. at
17 409.

18 The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is
19 in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court
20 decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law
21 may be "persuasive authority" for purposes of determining whether a state court decision is an
22 unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are
23 binding on the state courts and only those holdings need be "reasonably" applied. Id.

24 B.     Claims & Analysis

25 Petitioner seeks federal habeas relief based on a claim of ineffective assistance of counsel.
26 Specifically, Petitioner contends his trial counsel was ineffective in failing to offer his statement

28                                               4

to Yang that he had been "playing a trick on his friends" as non-hearsay or under a hearsay exception. The claim is without merit.

To prevail on a claim of ineffective assistance of counsel, petitioner must pass the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "counsel's deficient performance prejudiced the defense." Id. at 687-88. Concerning the first element, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Hence, "judicial scrutiny of counsel's performance must be highly deferential." Id. To fulfill the second element, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id.

The California Court of Appeal rejected Petitioner's claim on the ground that "any offer by defense counsel to admit the statement would have been futile." Blan, 2006 WL 3353944, at *2. Contrary to Petitioner's argument on appeal, the court held that "his out of court statement [was] a classic example of hearsay evidence" and did not fall within any exception to the hearsay rule. Id. at *3. The court explained:

> Hearsay is defined in the Evidence Codes as "a statement that was made other than by a witness while testifying at the hearing and that is offered for the truth of the matter stated." ([Cal.] Evid. Code, § 1200.) Here, defendant's statement to Yang when he was found climbing out of a bedroom window at 1:00 o'clock in the morning that he was "playing a trick on a friend," is an express declaration of defendant's conduct and motive. The only relevance the statement has is to prove the truth of the matter asserted therein – that defendant was not in fact burglarizing the apartment, but instead was playing a trick on his friend. Under these circumstances, the statement is hearsay, and the trial court properly ruled that it should be excluded from evidence.
> 
> In addition, there is no exception to the hearsay rule that would allow the admission of this evidence. Defendant asserts the statement qualifies as an exception to the hearsay rule as both a contemporaneous statement ([Cal.] Evid. Code, § 1241), as well as a statement of his state of mind ([Cal.] Evid. Code, § 1250, subd. (a)). With regard to the state of mind exception, even if the statement would qualify under the exception, it would not pass the requirement of trustworthiness in Evidence Code section 1252. The circumstances under which

5

> the statement was made demonstrate it lacks trustworthiness. Specifically, defendant was highly motivated to fabricate the motives for his actions when he was caught coming out of a bedroom window early in the morning and attempting to replace a screen on the window. Therefore, the statement would not be admissible under the state of mind exception.
>
> Moreover, defendant's statement also does not fall within the contemporaneous statement exception under Evidence Code section 1241, which provides: "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: (a) Is offered to explain, qualify, or make understandable conduct of the declarant; and (b) Was made while the declarant was engaged in such conduct." Here, defendant's statement that he was "playing a trick on his friend," does not accompany the conduct, in that he was putting the screen back on the window at the time he made the statement was made. In short, the statement was not made while defendant was committing the act of "playing a trick," and therefore, it does not fall within the contemporaneous statement exception.
>
> Because defendant's statement was hearsay that would not fall within any exception to the hearsay rule, defense counsel's failure to offer the statement as evidence in the second trial was a sound and reasoned decision, and did not fall below the objective standard of reasonableness under prevailing professional norms.

Id. at *3.

The California Court of Appeal's rejection of Petitioner's claim of ineffective assistance of counsel was not an objectively unreasonable application of Strickland. See 28 U.S.C. § 2254(d). The state court reasonably concluded that Petitioner's statement was not admissible under California law. Cf. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus). Under these circumstances, it cannot be said that counsel's decision not to offer the statement as evidence amounted to deficient performance. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) (trial counsel cannot have been ineffective for failing to raise a meritless motion); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) (same). Nor can it be said that counsel's decision prejudiced Petitioner. Petitioner cannot show that (1) had counsel moved to offer the statement as evidence, it is reasonable that the trial court would have granted the motion as meritorious; and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him. Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999). Petitioner is not entitled to federal

6

habeas relief on his claim of ineffective assistance of counsel.

## CONCLUSION

After a careful review of the record and pertinent law, the Court is satisfied that the petition for a writ of habeas corpus must be DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Oct. 19, 2009

CHARLES R. BREYER
United States District Judge

G:\CRBALL\2007\5781\Blan Habeas Order.wpd

7